**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**VICTOR E. CLARK, JR.**                                                    **PLAINTIFF**

**VS.**                                                         **Civil Action No. 2:16-cv-00121-KS-MTP**

**SONG HEALTH & REHAB OF COLUMBIA, LLC D/B/A
SONG HEALTH & REHAB OF COLUMBIA; COVENANT
DOVE, LLC; and COVENANT DOVE HOLDING
COMPANY, LLC**                                            **DEFENDANTS**

**SEPARATE ANSWER AND DEFENSES OF DEFENDANT SONG HEALTH & REHAB
OF COLUMBIA, LLC D/B/A SONG HEALTH & REHAB OF COLUMBIA**

COMES NOW Defendant Song Health & Rehab of Columbia, LLC d/b/a Song Health & Rehab of Columbia ("Defendant"), by and through counsel, and files this its separate answer and defenses to the complaint filed against it herein, as follows:

**FIRST DEFENSE**

Defendant alleges that venue is improper as this matter is subject to a binding arbitration agreement as set forth and invoked hereinbelow.

**SECOND DEFENSE**

Defendant alleges an insufficiency of process and/or service of process and moves for dismissal.

**THIRD DEFENSE**

Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted, and Defendant moves for dismissal.

**FOURTH DEFENSE**

Defendant alleges a misjoinder of parties.

1

## FIFTH DEFENSE

## MOTION TO STAY PROCEEDINGS AND REMAND TO ARBITRATION

Defendant moves to stay proceedings and remand this matter to binding arbitration for the reason that the matters made the basis of Plaintiff's complaint are subsumed by an arbitration agreement executed by the parties.

## SIXTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, reserving its motion to stay proceedings and remand this matter to arbitration, and responding to Plaintiff's complaint paragraph by paragraph, Defendant answers and alleges as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's complaint and therefore denies the same.

2. Except to state that Song Health & Rehab of Columbia is a nursing home facility located in Columbia, Mississippi, and to further state that Victor E. Clark, Jr., was a resident of Song Health & Rehab of Columbia at various times during or around December 2014 and during or around January 2015, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's complaint.

3. Except to state that Defendant is a Mississippi limited liability company having its principal place of business in Tennessee, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's complaint.

4. The allegations contained in Paragraph 4 of Plaintiff's complaint are not directed to Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in its belief, and the allegations contained in Paragraph 4 of Plaintiff's complaint are intended to or do adversely affect it, then Defendant denies all such allegations.

5.     The allegations contained in Paragraph 5 of Plaintiff's complaint are not directed to Defendant and therefore require no response from Defendant.  If, however, Defendant is mistaken in its belief, and the allegations contained in Paragraph 5 of Plaintiff's complaint are intended to or do adversely affect it, then Defendant denies all such allegations.

6.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's complaint.

7.     Except to state that this matter is subject to a binding arbitration agreement, but that subject matter jurisdiction is proper, if at all, in the United States District Court for the Southern District of Mississippi, and except to further state that the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold for the aforementioned court, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's complaint.

8.     Except to state that Victor E. Clark, Jr., was admitted to Song Health & Rehab of Columbia on or about December 8, 2014, at the age of 74 and resided at Song Health & Rehab of Columbia until on or about January 2, 2015, and except to further state that the medical and facility records of Song Health & Rehab of Columbia pertaining to Victor E. Clark, Jr., viewed in their entirety, will speak for themselves, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's complaint and therefore denies the same.

9.     Except to state that the admission agreement and medical and facility records of Song Health & Rehab of Columbia pertaining to Victor E. Clark, Jr., viewed in their entirety, will speak for themselves, Defendant denies the allegations contained in Paragraph 9 of Plaintiff's complaint.

10. Except to state that the admission agreement and medical and facility records of Song Health & Rehab of Columbia pertaining to Victor E. Clark, Jr., viewed in their entirety, will speak for themselves, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's complaint.

11. Except to state that the admission agreement and medical and facility records of Song Health & Rehab of Columbia pertaining to Victor E. Clark, Jr., viewed in their entirety, will speak for themselves, Defendant denies the allegations contained in Paragraph 11 and Sub-paragraphs (a) through (d) of Paragraph 11 of Plaintiff's complaint.

12. Defendant denies the allegations contained in Paragraph 12 and Sub-paragraphs (a) through (d) of Paragraph 12 of Plaintiff's complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's complaint.

14. Defendant denies any wrongs, and Defendant denies the allegations contained in Paragraph 14 of Plaintiff's complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents proximately caused or contributed to any alleged injury or damage to Plaintiff.

16. Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents proximately caused or contributed to any alleged injury or damage to Plaintiff.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's complaint.

**COUNT ONE**

18. Defendant adopts and incorporates by reference its defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 18 of Plaintiff's complaint.

19. Except to state that the law and standard of care, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's complaint.

20. Except to state that the law and standard of care, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents breached any duty owed to Plaintiff.

22. Defendant denies the allegations contained in Paragraph 22 and Sub-paragraphs (a) through (w) of Paragraph 22 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents are guilty of any negligence in the premises.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents failed to provide Plaintiff with any care required by the standard of care and/or that they caused or contributed to any alleged injury or damage to Plaintiff.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents proximately caused or contributed to any alleged injury or damage to Plaintiff.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's complaint, and Defendant specifically denies that Plaintiff is entitled to a judgment, damages, attorneys' fees, or costs or to any sum or relief whatsoever of, from, or against Defendant herein.

## COUNT TWO

26. Defendant adopts and incorporates by reference its defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 26 of Plaintiff's complaint.

27. Except to state that a document entitled "Affidavit of Service with Certificate of Mailing" was attached as Exhibit "A" to Plaintiff's complaint, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's complaint.

28. Except to state that the law and standard of care, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 28 of Plaintiff's complaint.

29. Except to state that the law and standard of care, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 29 of Plaintiff's complaint.

30. Except to state that the law and standard of care, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's complaint.

31. Defendant denies the allegations contained in Paragraph 31 and Sub-paragraphs (a) through (aa) and sub-paragraphs thereunder of Paragraph 31 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents deviated from the standard of care and/or are guilty of any "mistreatment, abuse and neglect" or other wrongful conduct in the premises.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents failed to provide Plaintiff

with any care required by the standard of care and/or that they caused or contributed to any alleged injury or damage to Plaintiff.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents breached any duty owed to Plaintiff and/or are guilty of any negligence or gross negligence in the premises.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents proximately caused or contributed to any alleged injury or damage to Plaintiff.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's complaint, and Defendant specifically denies that Plaintiff is entitled to a judgment, damages, attorneys' fees, or costs or to any sum or relief whatsoever of, from, or against Defendant herein.

## COUNT THREE

36. Defendant adopts and incorporates by reference its defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 36 of Plaintiff's complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's complaint.

38. Defendant denies the allegations contained in Paragraph 38 and Sub-paragraphs (a) through (u) and sub-paragraphs thereunder of Paragraph 38 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents are guilty of any malice or gross negligence in the premises.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents proximately caused or contributed to any alleged injury or damage to Plaintiff.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's complaint, and Defendant specifically denies that Plaintiff is entitled to a judgment, damages, attorneys' fees, or costs or to any sum or relief whatsoever of, from, or against Defendant herein.

## **COUNT FOUR**

41. Defendant adopts and incorporates by reference its defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 41 of Plaintiff's complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents are guilty of any fraud, concealment, or misrepresentation in the premises.

43. Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 43 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents engaged in any "fraudulent conduct" in the premises.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents are guilty of any fraud, concealment, or misrepresentation in the premises.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents are guilty of any fraud, concealment, or misrepresentation in the premises.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents are guilty of any fraud, concealment, or misrepresentation in the premises, and Defendant further specifically denies that

it and/or its employees or agents proximately caused or contributed to any alleged injury or damage to Plaintiff.

47.     Except to state that the admission agreement pertaining to Victor E. Clark, Jr., viewed in its entirety, will speak for itself, Defendant denies the allegations contained in Paragraph 47 of Plaintiff's complaint specifically denies that Defendant and/or its employees or agents are guilty of any fraud, concealment, or misrepresentation in the premises.

48.     Except to state that the admission agreement pertaining to Victor E. Clark, Jr., viewed in its entirety, will speak for itself, Defendant denies the allegations contained in Paragraph 48 of Plaintiff's complaint specifically denies that Defendant and/or its employees or agents are guilty of any fraud, concealment, or misrepresentation in the premises.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's complaint, and Defendant specifically denies that Plaintiff is entitled to a judgment, damages, attorneys' fees, or costs or to any sum or relief whatsoever of, from, or against Defendant herein.

## **COUNT FIVE**

50.     Defendant adopts and incorporates by reference its defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 50 of Plaintiff's complaint.

51.     Except to state that the admission agreement pertaining to Victor E. Clark, Jr., viewed in its entirety, will speak for itself, Defendant denies the allegations contained in Paragraph 51 of Plaintiff's complaint.

52.     Except to state that the admission agreement pertaining to Victor E. Clark, Jr., viewed in its entirety, will speak for itself, Defendant denies the allegations contained in Paragraph 52 of Plaintiff's complaint.

53. Except to state that the admission agreement pertaining to Victor E. Clark, Jr., viewed in its entirety, will speak for itself, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's complaint and specifically denies that Defendant and/or its employee or agents owed any fiduciary duty to Plaintiff, and Defendant further specifically denies that it and/or its employees or agents breached any duty owed to Plaintiff.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's complaint and specifically denies that Defendant and/or its employees or agents breached any duty owed to Plaintiff and/or proximately caused or contributed to any alleged injury or damage to Plaintiff.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's complaint, and Defendant specifically denies that Plaintiff is entitled to a judgment, damages, attorneys' fees, or costs or to any sum or relief, including a constructive trust or other equitable relief, whatsoever of, from, or against Defendant herein.

Except to likewise demand a jury trial herein, Defendant denies the allegations contained in each and every remaining unnumbered and numbered paragraph of Plaintiff's complaint under the heading "**PRAYER FOR RELIEF**" (emphasis in original), and Defendant denies that Plaintiff, or anyone else, is/are entitled to a judgment, damages, attorneys' fees, or costs or to any sum or relief whatsoever of, from, or against Defendant herein.

## **SEVENTH DEFENSE**

Defendant denies each and every allegation of Plaintiff's complaint by which Plaintiff seeks to impose liability upon Defendant, and Defendant denies that it has been guilty of any actionable conduct in the premises.

**EIGHTH DEFENSE**

Defendant alleges that while Victor E. Clark, Jr., was a resident at Song Health & Rehab of Columbia, it provided him with care and treatment that met and/or exceeded the applicable standard of care and thus exercised all reasonable and ordinary care and diligence.

**NINTH DEFENSE**

Defendant alleges that Plaintiff may have been guilty of contributory negligence that caused or contributed to the injuries, damages, and/or death alleged in Plaintiff's complaint.

**TENTH DEFENSE**

Defendant alleges that the injuries, if any, alleged in Plaintiff's complaint resulted from the acts or omissions of others and/or from causes, conditions, or occurrences for which it is not liable or responsible.

**ELEVENTH DEFENSE**

Defendant alleges that the alleged injuries, if any, of Plaintiff resulted solely and proximately from natural causes and/or from underlying and/or pre-existing health conditions and/or other conditions or circumstances for which Defendant is not responsible and for which it has and can have no liability.

**TWELFTH DEFENSE**

Defendant alleges that to the extent Plaintiff makes allegations against others for whose acts and/or omissions Defendant has and can have no liability and which acts and/or omissions, if any, constituted the efficient, independent, intervening, or superseding sole proximate cause or contributing cause of Plaintiff's alleged injuries, if any, then Plaintiff may not recover against Defendant.

### THIRTEENTH DEFENSE

Defendant invokes the provisions and protections of M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 85-5-7 (1972) in bar of Plaintiff's claims.

### FOURTEENTH DEFENSE

Defendant invokes the provisions and protections of M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. §§ 11-1-58 and 15-1-36 (1972) in bar of Plaintiff's claims.

### FIFTEENTH DEFENSE

Defendant invokes the provisions and protections of M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. §§ 11-1-60, 11-1-62, and 11-1-69 (1972) in bar of Plaintiff's claims.

### SIXTEENTH DEFENSE

Defendant invokes all provisions and protections of the Mississippi Tort Reform Act of 2004 and the Mississippi Medical Malpractice Tort Reform Act not already invoked hereinabove in bar of Plaintiff's claims.

### SEVENTEENTH DEFENSE

Defendant alleges that Mississippi law and procedure concerning punitive damages are violative of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article III, Section 14, and other provisions of the Mississippi Constitution.  The absence of clearly defined, objective criteria addressing the awardability and amount of punitive damages and which are capable of reasonable application precludes the submission of punitive damages to the trier of fact.  The constitutional invalidity of Mississippi's punitive damages system denies the defendant the right to due process, equal protection, and access to the court.

**EIGHTEENTH DEFENSE**

Defendant asserts that Plaintiff's claim for punitive damages is governed and limited by MISS. CODE ANN. § 11-1-65 (1972), and Defendant hereby pleads and invokes the provisions of same, including but not limited to the bifurcation of punitive damages from other issues in this cause.

**NINETEENTH DEFENSE**

Defendant asserts that Plaintiff has failed to plead fraud with particularity, and Defendant moves for dismissal of any and all claims of fraud.

**TWENTIETH DEFENSE**

Defendant alleges that Plaintiff may have failed to mitigate his damages, if any.

**TWENTY-FIRST DEFENSE**

Defendant reserves the right to amend its answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendant does not waive and further reserves any and all affirmative defenses set forth in the Mississippi Code and/or Mississippi case law, including but not limited to those set forth in Rule 8(c), *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the complaint filed against it herein, Defendant Song Health & Rehab of Columbia, LLC d/b/a Song Health & Rehab of Columbia respectfully requests that it be dismissed with prejudice from this action with its costs assessed to Plaintiff.

THIS the 11th day of August, 2016.

Respectfully submitted,

SONG HEALTH & REHAB OF COLUMBIA, LLC D/B/A SONG HEALTH & REHAB OF COLUMBIA, DEFENDANT


BY: s/Rex M. Shannon III
     EUGENE R. NAYLOR (MSB #3757)
     REX M. SHANNON III (MSB #102974)

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P.A.
600 HERITAGE BUILDING
401 EAST CAPITOL STREET
POST OFFICE BOX 651
JACKSON, MISSISSIPPI  39205-0651
TEL:  (601) 968-5500
FAX:  (601) 944-7738
ern@wisecarter.com
rms@wisecarter.com

ATTORNEYS FOR DEFENDANT SONG HEALTH & REHAB OF COLUMBIA, LLC D/B/A SONG HEALTH & REHAB OF COLUMBIA

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, one of the attorneys for Defendant Song Health & Rehab of Columbia, LLC d/b/a Song Health & Rehab of Columbia, do hereby certify that I have this date caused to be served, via the Court's electronic filing system, a true and correct copy of the above and foregoing to the following and to those parties registered as CM/ECF participants:

   Cameron C. Jehl, Esq.
   JEHL LAW GROUP, PLLC
   5400 Poplar Avenue, Suite 250
   Memphis, Tennessee  38119

   ATTORNEY FOR PLAINTIFF

   THIS, this 11th day of August, 2016.

                                        s/Rex M. Shannon III
                                        REX M. SHANNON III