IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VICTOR E. CLARK, JR.**                                                **PLAINTIFF**

**VS.**                                           **Civil Action No. 2:16-cv-00121-KS-MTP**

**SONG HEALTH & REHAB OF COLUMBIA, LLC,
COVENANT DOVE, LLC, and COVENANT DOVE
HOLDING COMPANY, LLC**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Partial Summary Judgment [73] filed by Defendants Song Health & Rehab of Columbia, LLC, Covenant Dove, LLC, and Covenant Dove Holding Company, LLC. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

On January 2, 2015, Plaintiff Victor Clark ("Plaintiff"), a resident of Song Health & Rehab of Columbia ("Song Health"), fell in his room while trying to walk to the bathroom by himself. Defendants Song Health & Rehab of Columbia, LLC, Covenant Dove, LLC, and Covenant Dove Holding Company, LLC ("Defendants") owned, operated and/or controlled Song Health. (*See* Amended Complaint [30] at p. 3.) Defendants' facility engages in the custodial care of elderly, helpless individuals who are in need of nursing care. (*See* Amended Complaint [30] at p. 2.) Plaintiff was alone when the injury occurred and fractured his hip when he fell. (*See* Nurse's Note [73-1] at p. 1.) Plaintiff stated that he was trying to walk to the bathroom when he fell and that he always walked by himself. (*See* Incident Witness Account [73-2] at p. 1.) Plaintiff "had alert able [sic] to make needs known," but there is no evidence that Plaintiff attempted to call for assistance before attempting to walk to the bathroom. (*See* Nurse's Note [73-1] at p. 1.) There has been no

testimony provided as to the cause of the fall. Plaintiff filed his Amended Complaint [30] on January 26, 2017, claiming negligence against Defendants in Count I.

Defendants filed their Motion for Partial Summary Judgment on Plaintiff's Corporate Negligence Claims [73] on June 19, 2017. The Court gave Plaintiff until July 3, 2017, to respond to the motion. Plaintiff has not filed a response.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to

the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B.   Corporate Negligence Claim

In his complaint, Plaintiff asserts a claim for negligence under multiple theories including corporate negligence. Plaintiff claims Defendants were negligent in failing to provide the minimum number of staff to assist residents, failing to properly monitor the staff, failing to properly train the staff, and failing to maintain sufficient records on residents. (*See* Amended Complaint [30] at p. 5-7.) Defendants argue that Plaintiff lacks the necessary evidence to establish the standard of care owed to him by the Defendants, a necessary element of a corporate negligence claim.

Mississippi law provides "[p]laintiffs must, in order to recover on a negligence claim, demonstrate that the defendant breached a particular duty owed to the plaintiff, and that the breach of duty proximately caused damages." *Mitchell v. Ridgewood E. Apartments, LLC*, 205 So.3d 1069, 1074 (Miss. 2016) (internal quotation marks omitted). To succeed on a corporate negligence claim, Plaintiff must produce "evidence in the record regarding the Defendants' duty and the standard of care as to hiring, supervision of staff, training of staff, and documentation procedures." *Estate of Guillotte ex rel. Jordan v. Delta Health Group, Inc.*, 5 So. 3d 393, 410 (Miss. 2009).

When a plaintiff fails to provide sufficient evidence on the standard of care and duty, the defendant is entitled to summary judgement against a plaintiff's claim for corporate negligence. *Id*. at 411.

Regarding the fall on January 2, 2015, Plaintiff's failure to present factual evidence in support of his corporate negligence claim dictates that there is no genuine issue for trial. Plaintiff has failed to "come forward with specific facts showing" Defendants' duty and standard of care as to the minimum number of staff, monitoring their staff, training their staff, or maintaining sufficient records. *Cuadra*, 626 F.3d at 812 (5th Cir. 2010). Plaintiff has also failed to establish that Defendants have breached the applicable standard of care. Defendants have demonstrated the absence of evidentiary support in the record to Plaintiff's claim of corporate negligence regarding the fall which occurred on January 2, 2015, and Plaintiff has failed to come forward with specific facts showing there is a genuine issue for trial. Therefore, Defendants are entitled to partial summary judgment on Plaintiff's claims of corporate negligence regarding the January 2, 2015, fall.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment [73] is **granted**.

SO ORDERED AND ADJUDGED, on this, the ___19th___ day of July, 2017.

    _s/Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE